**TENZING FINANCIAL ADVISORS, PLLC,**

        **Plaintiff,**

**v.**                                   **Case No. 4:26-cv-44-JKW-RJK**

**TENZING FINANCIAL, LLC,**

        **Defendant.**

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, Tenzing Financial, LLC ("Defendant"), states as follows in support of its Motion to Dismiss Counts I, II, and IV of the Complaint filed by plaintiff, Tenzing Financial Advisors, PLLC ("Plaintiff"):

## I.    INTRODUCTION

In its Complaint for trademark and copyright infringement, Plaintiff does not allege either a registered federal trademark or infringement of any copyrightable material. Plaintiff shows that it has *applied* for two federal trademarks for a word mark and logo respectively, but the allegations in the Complaint reflect the reality that neither of these trademarks have been *registered* with the United States Patent and Trademark Office ("USPTO") to date. (*See* Compl. ¶¶ 33–34.)  Counts I and II should be dismissed because Plaintiff cannot bring a claim for trademark infringement under the Lanham Act without a registered trademark. *See United Supreme Council v. United Supreme Council of the Ancient Accepted Scottish Rite for the 33 Degree of Freemasonry*, 329 F. Supp. 3d 283, 292–93 (E.D. Va. 2018), *aff'd on other grounds*, 792 F. App'x 249 (4th Cir. 2019).

Count IV of the Complaint should be dismissed because Plaintiff does not allege that Defendant infringed any elements of Plaintiff's copyrighted literary work that are copyrightable under the Copyright Act. In Count IV, Plaintiff alleges that Defendant copied Plaintiff's "Work," which seems to encompass Plaintiff's "typeface, color-schemes, logo development, and brand theme." (Compl. ¶¶ 70, 120.) A side-by-side comparison of Plaintiff's and Defendant's materials does not plausibly show that Defendant copied any of Plaintiff's design or narrative elements. Further, none of the allegedly copied elements are copyrightable or protected by Plaintiff's copyright. *See* 37 CFR § 202.1. Count IV should be dismissed for failure to state a claim of copyright infringement.

## II.   <u>FACTS</u>

Plaintiff alleges that the name "Tenzing" was chosen for Jerry Furlong Jr.'s financial advising company sometime between January 3, 2023, and March 14, 2023, during a "comprehensive company rebrand." (Compl. ¶¶ 20, 23.) On March 14, 2023, Furlong filed Plaintiff's Articles of Incorporation with the Florida Secretary of State, and Plaintiff alleges that it began operating its business as early as April 2023. (*Id.* ¶¶ 24, 25.)

In June 2020, Defendant was formed under the name Tenzing Financial, LLC. (*Id.* ¶ 41.) Defendant began operating as Tenzing Financial in the summer of 2025. (*Id.*)

After discovering Defendant's website in September 2025, Plaintiff filed a trademark application for the "TENZING Word Mark" (Serial No. 99434412) (the "Word Mark") on October 9, 2025. (*Id.* ¶¶ 30, 31, 33.) The Word Mark application is attached to the Complaint as Exhibit E. On October 13, 2025, Plaintiff filed a trademark application for the "Tenzing Logo" (Serial No. 99439854) (the "Logo"). (*Id.* ¶ 34.) The Logo application is attached to the Complaint as Exhibit K. Also on October 13, 2025, Plaintiff filed for a copyright for the "Tenzing Branding Guide" which was issued on January 16, 2026 (U.S. Reg. No. TX 9-553-940) (the "Copyright Registration"). (*Id.*

¶¶ 35–36.) The Copyright Registration is attached to the Complaint as Exhibit C and contains the following note from the Copyright Office: "Regarding authorship information: Standard shapes, formatting, and layout not copyrightable. Registration is made for the literary work as a whole." (Compl. Ex. C, at 2.)

Plaintiff alleges that upon "information and belief," Defendant had access to Plaintiff's branding materials prior to Defendant developing "their logo and the founding of their business through internet access" based on the Tenzing Brand Guide "inadvertently" being "made public nearly a year before Defendant's founding." (*Id.* ¶¶ 69–71.) Plaintiff further alleges on "information and belief" that Defendant "intended to copy Plaintiff's name, logo, and overall brand feel." (*Id.* ¶ 66.)

## III.   <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "allege facts sufficient to state all the elements of [its] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). "The inclusion of conclusory legal terms . . . does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." *Trigon Ins. Co. v. Columbia Naples Cap., LLC*, 235 F. Supp. 2d 495, 500 (E.D. Va. 2002). "In evaluating a motion to dismiss, the court will consider not only the facts as set forth in the complaint, but also the documents attached to the complaint." *Id.* at 500–01. Federal courts may also "consider matters of public record . . . in conjunction with a Rule 12(b)(6) motion." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

## IV.  ARGUMENT

### A.  Counts I and II (Infringement Under 15 U.S.C. § 1114(1)) Fail to State a Claim.

Counts I and II of the Complaint fail because Plaintiff has not registered the alleged trademarks, which is an essential element of a trademark infringement claim under 15 U.S.C. § 1114(1). Counts I and II allege trademark infringement of the Word Mark and Logo, respectively, by Defendant under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

Section 1114(1) authorizes a "registrant" to bring a civil action for infringement of a "registered mark." 15 U.S.C. § 1114(1). A "registered mark" is defined as "a mark registered in the United States Patent and Trademark Office." 15 U.S.C. § 1127. An applicant for a trademark registration is not a "registrant" for the purposes of § 1114(1). *See United Supreme Council*, 329 F. Supp. 3d at 293. Instead, to be a "registrant" with a "registered mark," an entity must complete the trademark registration process with the USPTO before bringing a claim for infringement. *Globalaw Ltd. v. Carmon & Carmon Law Off. and Globalaw, Inc.*, 452 F. Supp. 2d 1, 25 (D. D.C. 2006) ("Absent a complete and successful registration, C&C is not a 'registrant' under the parameters of Section 32(1) and cannot bring a claim pursuant to that section at this time."). The absence of a registered mark cannot "be cured by the subsequent registration of a trademark *during* a lawsuit." *United Supreme Council*, 329 F. Supp. at 293 (emphasis in original).

Plaintiff fails to allege that either the Word Mark or the Logo are registered with the USPTO.[1] In Count I, Plaintiff alleges that Defendant's "name . . . is confusingly similar to Plaintiff's federally *applied for* mark in violation of 15 U.S.C. § 1114." (Compl. ¶ 105 (emphasis added).) In Count II,

---

[1] In fact, on Plaintiff's Word Mark application, the USPTO trademark examiner issued a Nonfinal Office Action on February 26, 2026, citing a likelihood of confusion with two trademarks already issued to a United Kingdom limited company, Tenzing Limited. A true and correct copy of the USPTO Nonfinal Office Action is attached as **Exhibit 1**.

Plaintiff alleges that Defendant's logo "is confusingly similar to Plaintiff's federally *applied for* mark in violation of 15 U.S.C. § 1114." (*Id.* ¶¶ 108–09 (emphasis added).) Because Plaintiff has only applied for registration for each trademark, Plaintiff has failed to state a claim under § 1114(1). Plaintiff is not a "registrant," and the Word Mark and Logo are not "registered marks" within the meaning of 15 U.S.C. § 1114. For these reasons, the Court should dismiss Counts I and II of the Complaint.

**B.      Count IV (Copyright Infringement) Fails to State a Claim.**

Plaintiff fails to state a claim for copyright infringement because the allegedly copied elements of the Work are not copyrightable and the alleged copying does not rise to the level of copyright infringement. For a copyright infringement action, "the plaintiff must establish 'ownership of a valid copyright and copying of constituent elements of the work that are copyrightable.'" *Darden v. Peters*, 488 F.3d 277, 285 (4th Cir. 2007) (quoting *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 407 (5th Cir. 2004)); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Plaintiff only alleges that it holds a copyright for the Tenzing Branding Guide. (Compl. ¶ 68.) In Count IV, Plaintiff alleges that Defendant infringed the Plaintiff's copyright of the "Work," which appears to refer to the Tenzing Branding Guide. (*Id.* ¶¶ 35, 120.) In the Copyright Registration, the USPTO significantly limited the scope of Plaintiff's copyright for the Work, noting that the registration was only made "for the literary work as a whole." (Compl. Ex. C, at 2.) Under the Copyright Act, a "literary work" is a non-audiovisual work "expressed in words, numbers, or other verbal or numerical symbols or indicia." 17 U.S.C. § 101. Literary works are distinct from pictorial and graphic works. *See* 17 U.S.C. § 102(a)(5). Thus, Plaintiff only has a copyright to the Work as an entire literary work expressed in words and numbers, and not to any particular pictorial or graphic elements included in the Work.

Plaintiff alleges that Defendant infringed on its copyright because Defendant allegedly "had access to the Work" and "reproduced and distributed derivatives of the Work." (Compl. ¶¶ 120–121.) Plaintiff supports these conclusions with allegations that Defendant has an "identical" name and a "nearly identical" logo, typeface, color scheme, and brand narrative to Plaintiff. (*Id.* ¶ 72.) These visual and brand narrative elements of the Work are not material protected by its Copyright Registration.

Colors, "words and short phrases," and typefaces are not copyrightable material. 37 C.F.R. § 202.1(a), (e); *Darden v. Peters*, 488 F.3d at 287 (explaining that "color, shading, and labels using standard fonts and shapes . . . lack a minimum level of creativity" and are uncopyrightable elements under 37 C.F.R. 202.1(a)). Plaintiff states that Defendant uses a "nearly identical deep blue color" to the "primary color developed for the logo in the Tenzing Branding Guide." (Compl. ¶¶ 73, 74.) Not only are the shades of blue used by each company far from "nearly identical," as shown in the examples below, but the law is clear that color cannot be copyrighted. 37 C.F.R. § 202.1(a).

| Plaintiff's and Defendant's Marks at Issue | |
| --- | --- |
| Plaintiff | Defendant |
|  | |

(Compl. Exs. C, J.) The USPTO confirms that these elements are unprotected in its note, stating that "[s]tandard shapes, formatting, and layout not copyrightable." (Compl. Ex. C, at 2.)

Ideas are also unprotected by copyright law. 37 C.F.R. § 202.1(b). Plaintiff alleges that language from Defendant's website copies Plaintiff's copyrighted "brand narrative and logo creation" included in the Work. (Compl. ¶ 75.) The only example of such alleged copying that Plaintiff provides is set forth in Paragraphs 75 and 76 of the Complaint where it compares the following language from the Branding Guide with the following language from Defendant's website:

| Excerpt from Plaintiff's Work[2] (Compl. ¶ 75) | Excerpt from Defendant's Website (Compl. ¶ 76) |
|---|---|
| "The name derives from Tenzing Norgay – the sherpa who helped Edmund Hilary climb Everest and was inspired by Jerry describing how he tries to carry the load for his clients...In the end we landed on an icon that is built from letter T's, layering in such a way to create an abstract mountain silhouette. The two T's mark represent the taking of another's load as shown in the action of a sherpa pulling a climber up a mountain." | "Tenzing Norgay, alongside Sir Edmund Hillary, was the first to summit Mount Everest—a triumph built on trust, planning, resilience and partnership. We bring that same spirit to Tenzing Financial, helping you navigate life's path with clarity and purpose." |

As shown by comparing the two excerpts above upon which Plaintiff relies for its copyright claim, Defendant has not copied any of the text included by Plaintiff in the Work as quoted in Paragraph 75 of the Complaint. As a literary work, Plaintiff's Work does not protect any graphic elements, like the "two T" logo, and Plaintiff cannot claim to have copyrighted the idea of Tenzing Norgay helping Edmund Hilary to summit Mount Everest or the idea of a sherpa pulling a climber up a mountain as a metaphor for taking on another's load. *See* 17 U.S.C. 102(a); 37 C.F.R. § 202.1(b).

Plaintiff fails to state a claim for copyright infringement because Plaintiff fails to allege that Defendant copied any material that is copyrightable. Additionally, comparing the Plaintiff's and

---

[2] The Work states that the Logo's "two T's mark represents the taking on of another's load as shown in the action of a sherpa pulling a climber up a mountain." (Compl. Ex. C, at 9.)

Defendant's visual and narrative branding materials clearly shows the implausibility of Plaintiff's allegations that Defendant copied Plaintiff's Work. For these reasons, Count IV of the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## V.  <u>CONCLUSION</u>

Based on the foregoing, defendant, Tenzing Financial, LLC, respectfully requests that the Court dismiss Counts I, II, and IV of the Complaint with prejudice and award Defendant such further and other relief as the Court deems appropriate.

Dated: May 4, 2026

TENZING FINANCIAL, LLC

By:  */s/ Kristan B. Burch*
Kristan B. Burch (VSB No. 42640)
Helen E. Gehle (VSB No. 101819)
Kaufman & Canoles, a professional corporation
150 W. Main Street, Suite 1900
Norfolk, VA 23510
(757) 624-3343
(757) 624-3222
(888) 360-9092 Facsimile
Email: kristan.burch@kaufcan.com
Email: helen.gehle@kaufcan.com

*Counsel for Tenzing Financial, LLC*